IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TEXAS MEDICAL TECHNOLOGY INC. F/K/A TEXAS MEDICAL CENTER SUPPLY LLC, <br><br> Plaintiff, <br><br> v. <br><br> WESTCHESTER SURPLUS LINES INSURANCE COMPANY, A CHUBB COMPANY, AND CERTAIN UNDERWRITERS AT LLOYDS, LONDON, SYNDICATE 2623, <br><br> Defendants. | § § § § § § § § § § § § § § § § § Civil Action No. 4:22-cv-04254 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order for Conference and Disclosure of Interested Parties [Dkt. 6], Plaintiff Texas Medical Technology Inc. f/k/a Texas Medical Center Supply LLC ("Plaintiff" or "TMT") and Defendants Westchester Surplus Lines Insurance Company ("Westchester") and Certain Underwriters at Lloyds, London, Syndicate 2623 ("Beazley") hereby submit this Joint Discovery/Case Management Plan.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The parties conducted the Rule 26(f) conference on April 14, 2023 via Zoom and by exchanging drafts of the proposed Joint Discovery Case Management Plan until the terms were finalized. This occurred prior to the deadline for conference set forth in the Order requiring the Joint Discovery/Case Management Plan. Participating for Plaintiff were counsel Danny Sheena, Joseph Balice and Brian Singleterry. Participating for Defendants were Gregory Hudson for Westchester and Howard Close and Thomas Hay for Beazley.

1

**2.    List the cases related to this one that are pending in any state or federal court with the case number and court**.

There are no pending cases in State or Federal court related to the instant case.

**3.    Briefly describe what this case is about**.

*Plaintiff's statement*

This is a first-party insurance claim. Plaintiff TMT, the insured, manufactures medical equipment. It had a contract to provide FDA Level 3 medical gowns—the most protective medical gowns used only in the most sensitive situations—to several users, including the federal government. TMT purchased recall insurance from Chubb for $1 million, with an excess policy from Beazley for $2 million.

In September 2022, TMT was forced to recall the gowns for failing to meet the FDA Level 3 requirements. TMT submitted a claim for coverage under the policies. Chubb and Beazley denied the claim, asserting that (1) there was no "insured event" under the policy; (2) an exclusion applied for failure of the "insured product" to accomplish its intended purposes or to satisfy an express or implied warrant of fitness, efficiency or quality; and (3) TMT failed to provide timely notice under the policies.

TMT contends that the claim is covered under the policies, and Chubb and Beazley breached the policy, the implied covenant of good faith and fair dealing, and several other statutory authorities governing the handling of insurance claims entitling TMT to various remedies.  Chubb and Beazley contend the claim is not covered and TMT is entitled to nothing.

*Defendant's statement*

TMT purchased product recall insurance from Westchester with a limit of $1 million for the policy period of October 26, 2020 to October 26, 2021. TMT also purchased a Product Recall – Excess Policy from Beazley for the March 4, 2021 to March 4, 2022 Policy Period, with a $2 million each incident limit of insurance, subject to a $2 million aggregate limit. The policies apply to an "insured event," defined in relevant part as a recall or market withdrawal of an "insured product" that has caused or would cause "bodily injury." The "insured event" must be first discovered during the policy period and reported in writing to the insurers within 30 days thereafter.

TMT manufactures medical equipment. As of April 2021, it purportedly had a contract with the Defense Logistics Agency ("DLA") to provide FDA Level 3 medical gowns, which have a level of fluid permeability appropriate for "moderate risk" situations. On September 23, 2021, TMT reported a claim to Westchester and Beazley concerning the DLA's April 2021 rejection of certain gowns supplied by TMT after DLA testing purportedly established Level 2 ("low risk") permeability rather than Level 3 ("moderate risk"). On October 13, 2021, Westchester denied coverage for the claim, asserting that (1) there was no "insured event" under the policy; (2) an exclusion applied for failure of the "insured product" to accomplish its intended purpose or to satisfy an express or implied

warrant of fitness, efficiency or quality; and (3) alternatively, if the April 2021 rejection constituted an "insured event," TMT failed to report that event in timely fashion under the policies. On October 14, 2021, Beazley denied coverage for the claims for the same reasons set forth by Westchester in Westchester's October 13, 2021 letter.

On September 12, 2022, TMT recalled gowns supplied to multiple customers for failing to meet the FDA Level 3 requirements. On September 16, 2022, TMT issued a demand to Westchester and Beazley asserting that the October 13, 2021 and October 14, 2021 coverage positions were incorrect and that costs associated with the September 12, 2022 recall were covered as part of the same insurance claim submitted approximately one year earlier.

On December 9, 2022, TMT filed this lawsuit against Westchester and Beazley. TMT contends that the claim is covered under the policies, and Westchester and Beazley breached the policies, the implied covenant of good faith and fair dealing, and several other statutory authorities governing the handling of insurance claims entitling TMT to various remedies. Westchester and Beazley contend that their October 2021 coverage position was correct based on the information presented; that TMT has not met its burden to establish coverage for the September 2022 recall under the 2020-2021 policies; that Westchester and Beazley have not breached the policies; and that they have at all times handled the claim(s) appropriately and in good faith.

4. **Specify the allegation of federal jurisdiction**.

   Plaintiff's claims are brought under 28 U.S.C. § 1332, and the court has jurisdiction under 28 U.S.C. § 1391(b)(1) and (2):

   - Plaintiff is a Texas corporation with its principal place of business is in Texas.

   - Defendant Westchester Surplus Lines Insurance Company is a Georgia corporation with its principal place of business in Pennsylvania.

   - Defendant Certain Underwriters at Lloyds, London, Syndicate 2623, is an unincorporated association, the sole member of which is Beazley Underwriting, Ltd., an English private limited company organized under the laws of England and Wales that maintains its registered office in London, England.

   - The amount in controversy is a $3 million based on the combined limits of the two insurance policies, which exceeds the jurisdictional amount.

5. **Name the parties who disagree and the reasons**.

   None anticipated.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted**.

   None anticipated.

**7.     List anticipated interventions**.

None anticipated.

**8.     Describe class-action issues**.

None anticipated.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures**.

Disclosures have not been served yet. The parties discussed this and agreed to serve disclosures under Rule 26(a) by May 19, 2023.

**10.    Describe the proposed agreed discovery plan, including:**

**A.     Responses to all the matters raised in Rule 26(f)**.

The parties have agreed to conduct discovery and this case in two phases. The first phase will focus on TMT's breach of contract counts and the issue of whether the claim is covered under the subject policies. At the conclusion of discovery in the first phase, the parties will file cross-motions for summary judgment. If Westchester and Beazley obtain summary judgment, then this case will be over. If not, then the case will move to the second phase, which will focus on TMT's statutory counts, TMT's count for breach of the duty of good faith and fair dealing, and the extent of TMT's alleged damages. The parties anticipate that fact discovery for Phase 1 will be completed by November 30 2023, and any expert discovery for Phase 1 will be completed by December 31, 2023, followed by the parties filing motions for summary judgment on the issue of coverage. If the case is not resolved on summary judgment, then the parties will proceed to Phase 2 discovery and will meet and confer regarding the schedule and propose any appropriate modifications to the scheduling based on the remaining issues in the case and discovery to be completed before trial. The parties would then file a second proposed DCO with the Court to govern Phase 2.

The parties are negotiating a stipulated electronically stored information ("ESI") Protocol to govern discovery of ESI.

The parties anticipate no special privilege concerns.

The parties do not propose any limitation of discovery beyond the limitations set forth in the Federal Rules of Civil Procedure.

The parties do not propose any other orders under Rules 26(c) or Rule 16 except with respect to the two-phase discovery plan described herein.

**B.     When and to whom the plaintiff anticipates it may send interrogatories**.

TMT will serve interrogatories for Phase 1 to Westchester and Beazley by May 19, 2023.

    **C.    When and to whom the defendant anticipates it may send interrogatories.**

Westchester and Beazley will serve interrogatories for Phase 1 to TMT within 30 days of receiving initial disclosures from TMT.

    **D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

TMT will take the deposition of the defendants' employees and corporate representatives on the Phase 1 issues by November 30, 2023.

    **E.    Of whom and by when the defendant anticipates taking oral depositions.**

Westchester and Beazley will take the deposition of plaintiff's employees and corporate representatives on the Phase 1 issues by November 30, 2023.

    **F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates it will be able to designate experts and provide reports for Phase 1 by August 18, 2023. Defendants anticipate they will be able to designate experts and provide reports for Phase 1 by September 30, 2023.

    **G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates it will take Defendants' experts' depositions regarding Phase 1 by December 31, 2023.

    **H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipates they will take Plaintiff's experts' depositions by December 31, 2023.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed**.

    Phase 1 discovery to be completed November 30, 2023. The deadline for filing dispositive motions on Phase 1 issues will be January 31, 2024. A schedule for Phase 2 discovery, if necessary, will be negotiated via a meet and confer conference by the parties following resolution of the Phase 1 cross-motions for summary judgment.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting**.

    The parties agree that litigating the case in two phases will help promote prompt settlement or resolution of the case. The parties anticipate that they will mediate this case following briefing on dispositive motions relating to coverage.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution**.

    The parties anticipate that they will mediate this case following briefing on dispositive motions relating to coverage

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case**.

    Mediation is an appropriate dispute resolution technique.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge**.

    The parties object to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time**.

    Plaintiff has made a jury demand.

19. **Specify the number of hours it will take to present the evidence in this case**.

    Plaintiff anticipates it will take 20 hours to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference**.

    There are no pending motions at this time.

21. **List other motions pending**.

    There are no pending motions at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference**.

    The parties do anticipate any other peculiar matters in this case.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel**.

    Attorneys for Plaintiff Texas Medical Technology Inc. f/k/a Texas Medical Center Supply LLC:

    **HAYNES AND BOONE, LLP**

    David P. Bender Jr. (pro hac vice)
    State Bar No. 123976
    6000 Headquarters Drive, Suite 200
    Plano, Texas 75024
    david.bender@haynesboone.com
    (972) 739-6900
    (972) 680-7551 Facsimile

    Joseph G. Balice (pro hac vice)
    600 Anton Boulevard, Suite 700
    Costa Mesa, California 92626
    joseph.balice@haynesboone.com
    (949) 202-3000
    (974) 202-3001 Facsimile

    Brian E. Singleterry
    State Bar No. 24098433
    301 Commerce Street, Suite 2600
    Fort Worth, Texas 76102
    brian.singleterry@haynesboone.com
    (817) 347-6600
    (817) 347-6650 Facsimile

    **THE SHEENA LAW FIRM**

    Danny M. Sheena
    State Bar No. 00792830
    Jason P. Scofield
    State Bar No. 24060578
    Megan D. Sheena
    State Bar No. 24132004
    2500 W. Loop South, Suite 518
    Houston, Texas 77027
    Service@Sheenalawfirm.com
    (713) 224-6508

(713) 225-1560 Facsimile

Attorneys for Westchester Surplus Lines Insurance Company, a Westchester Company:

Gregory S. Hudson
State Bar No. 00790929
Cozen O'Connor
LyondellBasell Tower
1221 McKinney Street
Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3909
Facsimile: (832) 214-3905
ghudson@cozen.com

Attorneys for Defendants Certain Underwriters at Lloyd's, Syndicate 2623

Howard L. Close
State Bar No. 04406500
Natasha N. Taylor
State Bar No. 24071117
Wright Close & Barger, LLP
One Riverway, Suite 2200
Houston, TX 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
close@wrightclosebarger.com
taylor@wrightclosebarger.com

Kevin F. Kieffer (*pro hac vice* to be submitted)
Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: (949) 622-2708
Facsimile:  (949) 622-2739
kevin.kieffer@troutman.com

Thomas S. Hay (*pro hac vice* to be submitted)
Troutman Pepper Hamilton Sanders LLP
501 Grant Street, Suite 300
Union Trust Building
Pittsburgh, PA 15219
Telephone: (412) 454-5812
Facsimile:  (412) 281-0717
thomas.hay@troutman.com

Respectfully submitted,

| | |
|---|---|
| */s/ David P. Bender* | 4/25/23 |
| Counsel for Plaintiff, Texas Medical Technology Inc. f/k/a Texas Medical Center Supply LLC | Date |

| | |
|---|---|
| */s/ Gregory Hudson* | 4/25/23 |
| Counsel for Defendant, Westchester Surplus Lines Insurance Company, a Westchester Company | Date |

| | |
|---|---|
| */s/ Howard L. Close* | 4/25/23 |
| Counsel for Defendants, Certain Underwriters at Lloyd's, Syndicate 2623 | Date |