**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TEXAS MEDICAL TECHNOLOGY INC. | § | |
| F/K/A TEXAS MEDICAL CENTER | § | |
| SUPPLY LLC, | § | |
| | § | |
| Plaintiff, | § | **Civil Action No. 4:22-cv-04254** |
| | § | |
| v. | § | |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY, A CHUBB | § | |
| COMPANY, AND CERTAIN | § | |
| UNDERWRITERS AT LLOYDS, LONDON, | § | |
| SYNDICATE 2623, | § | |
| | § | |
| Defendants. | | |

**DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Westchester Surplus Lines Insurance Company ("Westchester") files this Answer to the First Amended Complaint (the "First Amended Complaint").

**I.**
**PARTIES**

1.      Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 and therefore denies those allegations.

2.      Westchester admits that it is a Georgia corporation and that it does business in Texas, but denies the remaining allegations in Paragraph 2. Westchester's name does not contain the phrase "A Chubb Company." Westchester's principal place of business is in Philadelphia, PA, not New York, NY. The policy provides for service of process on Westchester's agent at 436 Walnut Street, Philadelphia, PA 19106-3703.

3.      Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore denies those allegations.

## II.
## JURISDICTION AND VENUE

4.      Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies those allegations.

5.      Westchester denies the allegations in Paragraph 5.

6.      Westchester denies the allegations in Paragraph 6.

## III.
## FACTUAL BACKGROUND

7.      Westchester denies the allegations in Paragraph 7.

8.      Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies those allegations.

9.      Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies those allegations.

10.     Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies those allegations.

11.     Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies those allegations. Westchester further responds that the FDA website speaks for itself, and Westchester lacks information sufficient to conclude whether the excerpts quoted in this paragraph are a complete and accurate quotation from the website. To the extent there are any alterations or omissions in the alleged excerpts from the FDA website in Paragraph 11 including its sub-paragraphs, Westchester denies those allegations.

12.     Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies those allegations.

13.     Westchester denies that failure to meet Level 3 specifications would render the gowns unsafe. The allegations in Paragraph 13 are also too vague to permit a response. Westchester also lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 and therefore denies those allegations.

14.     Westchester admits the allegations in Paragraph 14.

15.     Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore denies those allegations.

16.     Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore denies those allegation.

17.     Westchester denies that there was a covered "insured event". Westchester lacks information sufficient to form a belief as to the remaining allegations in Paragraph 17 and therefore denies those allegations.

18.     Westchester admits that TMT first notified it of the DLA's contract termination on September 23, 2021. Westchester denies the remaining allegations in Paragraph 18.

19.     Westchester admits that it disclaimed coverage on October 13, 2021, while inviting TMT to provide any additional or contrary information. Westchester denies the remaining allegations in Paragraph 19.

20.     Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore denies those allegations.

LEGAL\63322609\2

21.     Westchester admits the allegations in the second sentence of Paragraph 21. Westchester lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 and therefore denies those allegations.

**IV.**
**APPLICABLE POLICY PROVISIONS**

22.     Westchester denies the allegations in Paragraph 22. TMT's purported quotation has altered the policy language, deleted passages, and added bold and underlined type without indicating that it has done so.

23.     Westchester admits that the policy contained a Replacement Costs Endorsement, in the form contained in Exhibit A to the First Amended Complaint, and that this endorsement contains the language quoted in Paragraph 23, although Paragraph 23 contains several typographical errors. In further answer to Paragraph 23, the use of the term "adulterated" was the product of a mutual mistake; each instance of "adulterated" in the endorsement should read "unsafe."

24.     Westchester denies the allegations in Paragraph 24. The quotation alters the language in the Beazley policy.

**V.**
**APPLICABLE CLAIMS**

25.     Westchester admits that in October 2021, it concluded that no "insured event" had occurred based on the information presented by TMT. Westchester denies the remaining allegations in Paragraph 25.

26.     Westchester denies the allegations in Paragraph 26. The policy language is altered in Paragraph 26. The correct language is contained in Exhibit C to the First Amended Complaint.

27.     Westchester denies the allegations in Paragraph 27.

28.     Westchester denies the allegations in Paragraph 28.

4

29. Westchester admits that the policy's definition of "insured event" includes the words "would result" and that the policy does not contain a definition of those words. Westchester denies the remaining allegations in Paragraph 29.

30. Westchester denies the allegations in Paragraph 30.

31. Westchester denies the allegations in Paragraph 31.

32. Westchester admits that one observation, among others, contained in its coverage position letter of October 2021 is that "the TMT surgical gowns [rejected by the DLA] are not 'unsafe' insofar as they qualify for use as Level 2 gowns, and the gowns would not be expected to cause 'bodily injury' if used in appropriate situations." Westchester denies the remaining allegations in Paragraph 32.

33. Westchester denies that its position was "misguided." Westchester lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33 and therefore denies those allegations.

34. Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore denies those allegations.

35. Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore denies those allegations.

36. Westchester denies the allegations in Paragraph 36. In further answer to Paragraph 36, the use of the term "adulterated" was the product of a mutual mistake; each instance of "adulterated" in the endorsement should read "unsafe."

37. Westchester admits that the policy issued to TMT does not contain a definition of "adulterated" but denies the remaining allegations in Paragraph 37. In further answer to

Paragraph 37, the use of the term "adulterated" was the product of a mutual mistake; each instance of "adulterated" in the endorsement should read "unsafe."

38.    Westchester denies the allegations in Paragraph 38.

39.    Westchester denies the allegations in Paragraph 39.

40.    Westchester denies the allegations in Paragraph 40.

41.    Westchester denies the allegations in Paragraph 41.

**VI.**
**CAUSES OF ACTION**

**A.    COUNT ONE: BREACH OF CONTRACT – Westchester**

42.    In response to Paragraph 42, Westchester restates and incorporates by reference its answers to paragraphs 1 through 41.

43.    Westchester admits the allegations in Paragraph 43.

44.    Westchester admits the allegations in Paragraph 44.

45.    Westchester denies the allegations in Paragraph 45.

46.    Westchester denies the allegations in Paragraph 46.

47.    Westchester denies the allegations in Paragraph 47.

48.    Westchester denies the allegations in Paragraph 48.

49.    Westchester denies the allegations in Paragraph 49.

50.    Westchester denies the allegations in Paragraph 50.

51.    Westchester denies the allegations in Paragraph 51.

52.    Westchester denies the allegations in Paragraph 52.

53.    Westchester denies the allegations in Paragraph 53.

54.    Westchester denies the allegations in Paragraph 54.

55.    Westchester denies the allegations in Paragraph 55.

**B.**     **COUNT TWO: BREACH OF CONTRACT - BEAZLEY**

56.     In response to Paragraph 56, Westchester restates and incorporates by reference its answers to paragraphs 1 through 55.

57.     Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 and therefore denies those allegations.

58.     Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 and therefore denies those allegations.

59.     Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and therefore denies those allegations.

60.     Westchester denies the allegations in Paragraph 60.

61.     Westchester denies the allegations in Paragraph 61.

62.     Westchester denies the allegations in Paragraph 62.

63.     Westchester denies the allegations in Paragraph 63.

64.     Westchester denies the allegations in Paragraph 64.

65.     Westchester denies the allegations in Paragraph 65.

**C.**     **COUNT THREE: CHAPTER 542 OF THE TEXAS INSURANCE CODE**

66.     In response to Paragraph 66, Westchester restates and incorporates by reference its answers to paragraphs 1 through 65.

67.     Westchester admits that § 542.003 of the Texas Insurance Code contains the quoted language.

68.     Westchester denies the allegations in Paragraph 68.

69.     Westchester denies the allegations in Paragraph 69.

70.     Westchester denies the allegations in Paragraph 70.

71.     Westchester denies the allegations in Paragraph 71.

7

**D.**      **COUNT IV: ATTORNEY'S FEES**

72.      In response to Paragraph 72, Westchester restates and incorporates by reference its answers to paragraphs 1 through 71.

73.      Westchester admits that it received a demand from TMT on September 16, 2022. Westchester denies the remaining allegations in Paragraph 73.

74.      Westchester lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 and therefore denies those allegations.

75.      Westchester denies the allegations in Paragraph 75.

**E.**      **COUNT FIVE: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING (ALL DEFENDANTS)**

76.      In response to Paragraph 76, Westchester restates and incorporates by reference its answers to paragraphs 1 through 75.

77.      Westchester admits the allegations in Paragraph 77.

78.      Westchester denies the allegations in Paragraph 78.

79.      Westchester denies the allegations in Paragraph 79.

80.      Westchester denies the allegations in Paragraph 80.

81.      Westchester denies the allegations in Paragraph 81.

**F.**      **NOTICE OF INTENT TO PURSUE A CLAIM UNDER CHAPTER 541 OF THE TEXAS INSURANCE CODE (ALL DEFENDANTS)**

82.      In response to Paragraph 82, Westchester restates and incorporates by reference its answers to paragraphs 1 through 81.

83.      Westchester denies the allegations in Paragraph 83, including that they constitute valid pre-suit notice under § 541.154 of the Texas Insurance Code.

84.      Westchester denies the first sentence of Paragraph 84. With respect to the second sentence of Paragraph 84, to include subparts a-d, to the extent there are any alterations or

omissions in the alleged excerpts from the Chapter 541 of the Texas Insurance Code, Westchester denies those allegations.

85.     Westchester denies the allegations in Paragraph 85.

86.     Westchester denies the allegations in Paragraph 86.

87.     Westchester denies the allegations in the first sentence of Paragraph 87. The second sentence of Paragraph 87 is a statement of Plaintiff's intent, which Westchester neither admits nor denies. To the extent a response is required to the second sentence of Paragraph 87, Westchester denies the allegations in the second sentence of Paragraph 87.

## VII.
## JURY TRIAL DEMAND

88.     Paragraph 88 of the First Amended Complaint is a request for jury trial, which Westchester neither admits nor denies.

## VIII.
## PRAYER

Westchester denies TMT's prayer for relief in its entirety.

## ADDITIONAL DEFENSES

Westchester asserts the following defenses to the claims asserted in the First Amended Complaint.  Westchester does not concede by including certain defenses herein that any particular burden of proof is assumed by Westchester:

1.     Plaintiff has failed to state a claim or cause of action upon which relief can be granted.

2.     Plaintiff's claim is barred by the terms, conditions, limitations, endorsements and exclusions of the Policy, including but not limited to:

a.      this matter does not involve an "insured event" as required under Section I. and as defined in Section II. of the Chubb Recall Plus Insurance for Consumer Goods Policy Form;

b.      any "insured event" was not "first discovered by TMT during the 'policy period'" as required under Section I. of the Chubb Recall Plus Insurance for Consumer Goods Policy Form;

c.      any "insured event" was not reported to Westchester in compliance with Condition R. (Notice of Loss) as required under Section I. of the Chubb Recall Plus Insurance for Consumer Goods Policy Form;

b.      exclusions B, C, H, I, Q, and/or R under Section III of the Chubb Recall Plus Insurance for Consumer Goods Policy Form;

d.      the extent to which Plaintiff incurred reasonable and necessary "loss" as defined in the Policy including its endorsements; and

e.      the extent to which any "loss" suffered by TMT was caused by an "insured event," if any, as required under Section I. of the Chubb Recall Plus Insurance for Consumer Goods Policy Form.

3.      Westchester may not be liable for Plaintiff's claim if there is other insurance applicable to that claim pursuant to Condition T. "Other Insurance".

4.      Plaintiff's claim is barred to the extent that Plaintiff knew and/or should have known of the damage at issue prior to the inception of the Policy or prior to shipping the product to its customers, or to the extent the insured seeks coverage for nonfortuitous or noncontingent events.

10

5.     Plaintiff's claim is barred to the extent that its expenses have been or will be reimbursed by a third party.

6.     Plaintiff's claim is barred, in whole or in part, to the extent there has been a failure to comply with the terms, conditions and/or other requirements contained in the Westchester Policies, including but not limited to the apparent failure by Plaintiff to mitigate its losses and the failure to provide material documentation in cooperation with Westchester's investigation.

7.     Some or all of Plaintiff's claims may be barred by unclean hands, laches, estoppel, release and/or waiver.

8.     Plaintiff's claim is barred to the extent the payments for which it seeks reimbursements were unreasonable, excessive or voluntarily made.

9.     Plaintiff's claim may be barred or limited to the extent that Plaintiff failed to act prudently to mitigate its damages or exercise due diligence under Condition K. of the Chubb Recall Plus Insurance for Consumer Goods Policy Form.

11.    Plaintiff's claim is barred or limited to the extent that Plaintiff has breached any conditions under Section IV of the Chubb Recall Plus Insurance for Consumer Goods Policy Form, including but not limited to: untimely notice (Condition R), failure to cooperate (Condition J), material misrepresentations or omissions relative to the claim or policy issuance (Conditions I and/or M), or impairment of Westchester's subrogation rights (Condition X).

12.    Plaintiff's claims under Texas law are barred because, pursuant to Section G of the policy, the parties to the insurance contract have agreed that any dispute is governed by the laws of the State of New York.

LEGAL\63322609\2

13.     This lawsuit was not brought in the correct venue. Pursuant to Section G of the policy, the parties to the insurance contract have agreed that any and all disputes regarding any claim or loss will be brought and litigated in the State of New York.

## RESERVATION OF RIGHTS TO AMEND

Westchester reserves the right to amend its answer in any way, including by adding affirmative defenses, counter-claims, cross-claims and/or third-party actions as necessary as additional facts are obtained through additional investigation and discovery.

Westchester specifically reserves the right to amend its answer to include a counterclaim for reformation of the policy to substitute the term "unsafe" for the term "adulterated," if such reformation becomes material to the outcome of the case.

## PRAYER FOR RELIEF

Having fully answered Plaintiff's First Amended Complaint, and stated its affirmative defenses, Westchester prays for relief as follows:

1.     That Plaintiff take nothing by reason of its First Amended Complaint and that all relief requested by Plaintiff be denied;

2.     That Westchester be awarded its costs and attorney fees incurred in this action as permitted by law; and

3.     That the Court award Westchester such other relief as it deems proper and just under the circumstances.

LEGAL\63322609\2

WHEREFORE, Defendant Westchester Surplus Lines Insurance Company, respectfully requests the entry of an order denying all relief requested by Plaintiff Texas Medical Technology Inc. and such other relief as this Court deems just and appropriate.

Respectfully submitted,

**COZEN O'CONNOR**

By:   */s/ Gregory S. Hudson*
      Gregory S. Hudson
      Texas State Bar No. 00790929
      ghudson@cozen.com
      1717 Main Street, Suite 3100
      Dallas, Texas 75201
      Telephone:  (214) 462-3000
      Facsimile:  (214) 462-3299

By:   */s/ Jonathan Toren*
      Jonathan Toren, *Admitted Pro Hac Vice*
      jtoren@cozen.com
      999 Third Avenue, Suite 1900
      Seattle, Washington 98104
      Telephone:  (206) 340-1000
      Facsimile:  (206) 621-8783

*Attorneys for Defendant Westchester Surplus Lines Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

This certifies that, on May 9, 2023, a copy of the foregoing was served on all counsel of record who are registered ECF users.

*/s/ Jonathan Toren*
Jonathan Toren
